1    HONORABLE RONALD B. LEIGHTON

2

3

4

5

6              UNITED STATES DISTRICT COURT
7              WESTERN DISTRICT OF WASHINGTON
                        AT TACOMA
8
     JOYCE SAMS,                          CASE NO. C14-5729 RBL
9
                        Plaintiff,        ORDER GRANTING
10                                        DEFENDANTS' SUMMARY
               v.                         JUDGMENT MOTION
11
     JOHNSON & JOHNSON et al.,            DKT. #31
12
                        Defendants.
13

14          THIS MATTER comes before the Court on Defendants' Motion for Summary Judgment

15   on Plaintiff Sams's product liability claims. [Dkt. #31]. Sams alleges she suffered tendonitis in

16   her left Achilles after taking the prescription drug Levaquin, which Defendants manufacture.

17   Levaquin is a fluoroquinolone antibiotic used to treat serious diseases, such as asthma and acute

18   bronchitis, from which Sams suffers. She brings five causes of action against the Defendants:

19   negligence, strict product liability, breach of express and implied warranties, misrepresentation,

20   and violation of the Consumer Protection Act. Defendants seek summary judgment dismissal of

21   all claims, arguing (1) Sams cannot establish a *prima facie* product liability action because she

22   has failed to disclose an expert witness and (2) she cannot establish proximate cause because her

23   medical records indicate equally probable alternative causes of her tendonitis exist.

24

# I.   DISCUSSION

**A.   Factual and Procedural Background.**

Sams claims she took Levaquin in July 2008 to treat pneumonia and at two other undocumented times. She suffers from numerous ailments, including allergies, heart problems, joint and brain disorders, leukemia, fibromyalgia, high blood pressure, hepatitis C, vascular disease, arthritis, and asthma. She has taken two other fluoroquinolone antibiotics—Avelox and Ciprofloxacin—both of which may cause an increased risk of tendinitis too.

The Court's scheduling order required the parties to disclose their expert witnesses by August 5, 2015 and to complete discovery by October 5, 2015. Plaintiff has not filed an expert disclosure. She also failed to respond to Defendants' Motion for Summary Judgment.

**B.   Summary Judgment Standard.**

Summary judgment is proper "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In determining whether an issue of fact exists, the Court must view all evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in that party's favor. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-50, 106 S. Ct. 2505 (1986); *see also Bagdadi v. Nazar*, 84 F.3d 1194, 1197 (9th Cir. 1996). A genuine issue of material fact exists where there is sufficient evidence for a reasonable factfinder to find for the nonmoving party. *See Anderson*, 477 U.S. at 248. The inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id*. at 251-52. The moving party bears the initial burden of showing no evidence exists that supports an element essential to the nonmovant's claim. *See Celotex Corp. v. Catrett*, 477 U.S.

1   317, 322, 106 S. Ct. 2548 (1986). Once the movant has met this burden, the nonmoving party

2   then must show the existence of a genuine issue for trial. *See Anderson*, 477 U.S. at 250. If the

3   nonmoving party fails to establish the existence of a genuine issue of material fact, "the moving

4   party is entitled to judgment as a matter of law." *Celotex*, 477 U.S. at 323-24.

5   **C.      Sams Has Failed to Present Any Causation Evidence.**

6           In product liability cases, the plaintiff bears the burden of proving causation. *See*

7   *Hammond v. Ortho-McNeil Pharmaceuticals, Inc.*, C07-1876RAJ, 2015 WL 6550659 (W.D.

8   Wash. Oct. 28, 2015) (citing *Henricksen v. ConocoPhillips Co.*, 605 F.Supp.2d 1142, 1177 (E.D.

9   Wash. 2009). To do so, she must employ expert testimony if establishing this element would

10  involve obscure medical facts requiring a lay person to speculate. *See id*. (citing *Pagnotta v.*

11  *Beall Trailers of Oregon*, 99 Wash.App. 28, 33-34, 991 P.2d 729 (2000). Because Sams suffers

12  from various ailments that could have caused her alleged injury, she must therefore present

13  expert testimony assisting the jury in determining Levaquin's impact on her and isolating it as a

14  cause of her tendonitis. *See id.* (citing *Matter of Disciplinary Proceeding Against Petersen*, 120

15  Wash.2d 833, 869, 846 P.2d 1330 (1993)).

16          Defendants pointed out Sams's failure to designate an expert witness by the August 5,

17  2015 deadline or at any time thereafter. *See Celotex*, 477 U.S. at 325. Without this expert

18  testimony, she cannot support a *prima facie* product liability action. She has therefore failed to

19  create a genuine issue for trial. *See Hammond*, 2015 WL 6550659, at *3 (citing *Anderson*, 477

20  U.S. at 250).

21          Furthermore, Sams failed to timely respond to Defendants' motion. She did not meet her

22  burden of setting forth specific facts demonstrating a genuine issue for trial. *See* F.R.C.P. 56(e);

23

24

1   *see also Anderson*, 477 U.S. at 250. Therefore, Defendants are entitled to judgment as a matter of

2   law. *See Celotex*, 477 U.S. at 323-24.

3                                   **II.      CONCLUSION**

4          Defendants' Motion for Summary Judgment is GRANTED. [Dkt. # 31].

5          IT IS SO ORDERED.

6          Dated this 8th day of December, 2015.

7

8                                                    _____
                                                     Ronald B. Leighton
9                                                    United States District Judge

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24